SAUERMAN et al. v. FIDELITY & DEPOSIT CO. OF MARYLAND.

(Supreme Court, Appellate Term, First Department. December 30, 1913.)

REPLEVIN (§ 119*)—LIABILITY ON BOND.

> Where judgment in replevin was that the chattels, or the value thereof, be returned to defendant, and plaintiffs did not return, nor in good faith attempt to return, them, defendant could recover on plaintiffs' undertaking.

> [Ed. Note.—For other cases, see Replevin, Cent. Dig. §§ 470–478; Dec. Dig. § 119.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Otto Sauerman and others against the Fidelity & Deposit Company of Maryland. Judgment for defendant, plaintiffs appeal. Reversed, and new trial ordered.

Argued December term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Herman G. Loew, of New York City, for appellants.

O'Brien, Boardman & Platt, of New York City, for respondent.

SEABURY, J. Plaintiffs sue upon an undertaking given in an action of replevin brought by the Lettish Orchestra of New York against these plaintiffs as defendants. The action was brought to recover certain musical instruments and other chattels, and resulted in a judgment in favor of these plaintiffs. The judgment in that action directed that the Lettish Orchestra should deliver to the plaintiffs in this action the chattels referred to or the value thereof, to wit, $120. The defendant in this action pleaded that the chattels were delivered by the Lettish Orchestra to the plaintiffs.

This was the issue litigated in the court below. The evidence shows that execution issued on the judgment in the replevin action and was returned unsatisfied. The record makes it clear that, notwithstanding that the judgment of the court required that the chattels, which were the subject of the replevin action, should be returned to these plaintiffs, plaintiffs have never received the chattels. An officer of the Lettish Orchestra had possession of the chattels. He testified that he delivered some of them to his attorney, and the attorney testifies that he delivered all of them to a marshal whom he had employed in the replevin action, and that the marshal had possession of them, and that they were available to the plaintiffs.

It is apparent from the testimony that the plaintiff in the replevin action did not deliver the chattels, or in good faith attempt to deliver them, to the plaintiffs in this action. These plaintiffs cannot be denied the right to recover upon the undertaking in suit because of the "hide and seek" game which seems to have been played with the chattels. The facts established beyond dispute are that the chattels were awarded to these plaintiffs, and that the defendant's undertaking secured that judgment, and that the chattels were not delivered to the plaintiffs, or the value thereof paid to the plaintiffs, and execution upon the judgment in the replevin action has been returned unsatisfied.

It follows that the judgment should be reversed, and a new trial ordered, with costs to appellants to abide the event. All concur.